BYE, Circuit Judge,
dissenting.
I believe this case is directly controlled by our decision in United States v. M/V Gopher State, 614 F.2d 1186 (8th Cir.1980), which requires reversal of the district court’s decision. I therefore respectfully dissent.
Under Gopher State, the government cannot recover overhead expenses as an item of damages in an admiralty case unless it proves both that 1) the amount is reasonable, and 2) the overhead arose naturally and is factually related to the particular breach. Gopher State, 614 F.2d at *662 1189-90. In this case, the government witnesses admitted the claimed overhead expenses were not directly related to the specific repair work at issue. Specifically, with respect to the $22,702.93 of overhead referred to as “general and administrative” expenses, the government’s witness testified as follows:
Q. In other words, by definition, Miss Craig, the general and administrative expenses charged to the Jamie Leigh repair project were not factually related and were not directly incurred as a result of that incident, were they?
A. That’s correct.
Q. Can we agree that every penny of the $22,702.93 that were (sic) charged as general and administrative overhead to the Jamie Leigh project would have been incurred by the Corps of Engineers regardless of that incident?
A. Yes, sir.
Q. And the expenses that the St. Louis District Corps of Engineers must incur in order to maintain its offices are encompassed in the general and administrative expenses that have been charged to the Jamie Leigh repair project even though they don’t relate specifically to it; correct?
A. Correct.
Q. The idea is that the Corps of Engineers attempts to recoup those costs from third parties who cause damage to certain Corps property even though those costs have nothing to do directly with repairing those damages?
A. Correct.
Trial Transcript at 25-29.
With respect to the $76,111.76 of overhead referred to as “indirect cost overhead,” the government’s witness testified as follows:
Q. And by definition, isn’t it true that not one penny of the $76,111.76 of the indirect costs overhead add-on that you calculated is directly attributable or factually related to the Jamie Leigh repair project?
A. That’s — that is correct.
Id. at 92-93.
Therefore, the record in this case clearly indicates the government’s proof failed to satisfy the second of Gopher State’s two requirements, that is, proof the overhead was factually related to the particular breach involved.
In Gopher State, just as in this case, the government sought to recover overhead calculated pursuant to a predetermined formula governed by federal regulations, without showing the overhead was directly related to the specific repair work performed. The district court rejected that approach. We affirmed, stating:
Testimony in this case revealed that a percentage of the overhead charges was applied to the miter repair job but that those charges were not specifically related to nor incurred as a result of the Gopher State job. In particular, the government failed to specify how the overhead calculated related to the costs of that job. As the district court found, “(t)he overhead charges were not based upon actual expenditures of overhead items related to the accident but were calculated under regulations promulgated by the Corps of Engineers and determined by the staff of the St. Louis District Corps of Engineers.”
*663 Gopher State, 614 F.2d at 1189 (quoting United States v. M/V Gopher State, 472 F.Supp. 556, 558 (E.D.Mo.1979)).
The Court attempts to distinguish Gopher State on its facts, pointing out the overhead request in Gopher State was more egregious in some respects than the overhead request made in this case. While this may be true, I believe the legal holding of Gopher State is indistinguishable. As a matter of law, Gopher State establishes that any overhead calculated pursuant to the Corps’s predetermined formula, with no attempt to show the overhead is directly related to the specific repair work performed, is not recoverable. If Gopher State is unsound, and the government ought to recoup overhead based solely on the Corps’s regulatory formula, that issue should be addressed by the en banc court rather than a three-judge panel. See, e.g., United States v. Hutman, 339 F.3d 773, 777 (8th Cir.2003) (indicating one panel cannot overrule another).
For the reasons discussed, I respectfully dissent.